UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NANCY CURTISS MCNUTT,**

    **Plaintiff,**

v.                                                           Case No: 8:11-CV-2491-T-27AEP

**UNITED STATES GOVERNMENT,**[1]

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*. Pursuant to the Order of the United States District Court for the Southern District of Georgia, this case has been transferred to the Middle District of Florida "[b]ecaise the alleged events giving rise to this claim occurred in Sarasota, Florida" (Dkt. No. 6).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th

---

[1] As an initial matter, the Court notes that the United States government is an improperly-named Defendant.

Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff's "Complaint" consists of a form submitted to the court in the Southern District of Georgia, which includes a short statement of Plaintiff's claim, and a variety of letters written by Plaintiff to different government agencies, such as the Government Accountability Office, the United States Attorney's Office for the Northern District of Florida, the United States Department of Labor, the Federal Communications Commission, and the United States Attorney's Office for the Northern District of Illinois. (*See* Dkt. No. 1.) Although courts are to give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit has required them to "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Here, Plaintiff has failed to file an ascertainable Complaint with this Court. Although the communications submitted to the Court provide the Court with a superficial understanding of the events giving rise to Plaintiff's claim, Plaintiff simply failed to comply with the relevant procedural rules. Assuming that the form submitted to the court in the Southern District of Georgia constitutes Plaintiff's Complaint,[2] she

---

[2]The Court finds that the letters submitted with this form do not qualify as a valid Complaint. The only viable Complaint is the standard form submitted to the Southern District

2

fails to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Further, Plaintiff fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Complaint contains a short "Statement of Claim," which provides that Plaintiff was "fired by GTE Florida (now Verizon) for reporting and taking evidence of fraud to the Florida Public Service Commission" and that her "firing was a sham, the arbitration was a sham, and every legal paper filed in this case was a sham." (Dkt. No. 1 at 3.) Unfortunately, this does not sufficiently apprise the Court of a valid claim for relief that is plausible on its face, nor does it allege a proper federal cause of action.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2) be **DENIED** and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** at Tampa, Florida, this 30th day of November, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

of Florida, which loosely describes Plaintiff's claim and the relief sought.

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James D. Whittemore

*Pro se* Plaintiff